FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 18 2022

TAMMY H. DOWNS, CLERK
By: ____________
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**P. S. PRODUCTS, INC.,**
**BILLY PENNINGTON, Individually** — **PLAINTIFFS**

**v.** — **Civil Action No.** 4:22-cv-33-KGB

**D.P. AND COMPANY, INC.**
**d/b/a www.dpciwholesale.com** — **DEFENDANT**

## COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW the Plaintiff, P.S. Products, Inc., and Mr. Billy Pennington, individually, hereafter ("PSP,") by and through its attorney, Chris H. Stewart of the Stewart Law Firm, files this Complaint against the defendant, D.P. And Company, Inc., d/b/a www.dpciwholesale.com (hereinafter "DPCI"), as follows:

## JURISDICTION AND VENUE

1. This Court retains jurisdiction as patent infringement raises a federal question and is proper under 28 U.S.C. § 1331.

2. Pursuant to 28 U.S.C. § 1391, venue in this suit lies in the Eastern District of Arkansas because the actions which gave rise to the claims presented in this complaint occurred in Little Rock, Arkansas, within the Eastern District of Arkansas.

3. Additionally, the Eastern District of Arkansas has personal jurisdiction of the Defendant. Defendant has maintained substantial, continuous and systematic contacts with the state of Arkansas through its business dealings with customers in Arkansas via

This case assigned to District Judge Baker
and to Magistrate Judge Harris

www.dpciwholesale.com. Furthermore, Defendant marketed its services, sold and provided customer services to the state of Arkansas.

4. Additionally, The Eastern District of Arkansas has personal jurisdiction of the Defendant because, among other things, Defendant are engaged in tortuous conduct within the state of Arkansas and in this District, including placing into commerce illegal copies of Plaintiffs' patented products via www.dpciwholesale.com.

**PARTIES RELEVANT TO**
**PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT**

5. This action is brought by P.S. Products, Inc., and its president, Mr. Billy Pennington, individually, manufacturers of stun guns and other personal security devices, organized within the state of Arkansas with its principal headquarters at 3120 Joshua Street, Little Rock, AR 72204.

6. DPCI Products, Inc., d/b/a www.dpciwholesale.com, located at 7743 SR 471, Bushnell, FL 33513 with business activities throughout the world and the World Wide Web including at www.dpciwholesale.com. DPCI offers for sale many of the claimed infringing products, including those that are counterfeit versions of PSP's BLAST KNUCKLES™.

**FACTUAL BASIS FOR THE CLAIMS ASSERTED**

7. The Plaintiffs specialize in the manufacture and distribution of stun guns, stun devices, gun cleaning kits, and other personal protection devices.

8. The Plaintiffs market and sale its patented products through trade specialty shows, sales associates, retail stores, catalogs and through internet distribution throughout the United States.

9. The Defendant is a seller of goods from China and sells the goods as retail and wholesale nationwide.

10. The Defendant owns and operates the website www.dpciwholesale.com.

11. On February 5, 2008, United States Letters Patent No. US D561, 294 S, were issued to the Plaintiffs for an invention for a Stun Gun.

12. On September 2, 2008, United States Letters Patent, No. US D576,246 S, were issued to the Plaintiffs for an invention for a Stun Gun.

13. On April 16, 2013, United States Letters Patent, No. US D680,188 S, were issued to the Plaintiffs for an invention for a Long-spiked Electrode for Stun Device.

14. The Plaintiffs owed the patent No. US D561, 294 S throughout the period of the Defendant infringing acts and still owns the patent. See Figure 1. Below.



15. The Plaintiffs owed the patent No. US D576,246 S throughout the period of the Defendant infringing acts and still owns the patent. See Figure 2. Below.



16. The Plaintiffs' owed the patent No. US D680,188 S throughout the period of the Defendant infringing acts and still owns the patent. See Figure 3. Below.



17. The Plaintiffs' products are one of a kind.

18. The Plaintiffs' designs are its own intellectual property. No goods of this design existed prior to the Plaintiffs' designs and patents.

19. The Plaintiffs are the only holder of patents on products of this kind in the United States.

20. The Blast Knuckle Stun Gun is the Plaintiffs most sought after and sold product and embodies the Patent-in-suit.

21. The Plaintiffs makes most of its revenue off of the patented Blast Knuckle® stun gun than any other item it sells.

22. The Plaintiffs has complied with the statutory requirement of placing a notice of the Letters of Patent on all Stun Guns.

23. The individual Plaintiff, Billy Pennington is the president of P.S. Products, Inc., and the inventor of the patent.

24. Plaintiff, Pennington, has granted a perpetual exclusive license to his company P.S. Products, Inc., to manufacture and sell the product that embodies the patent-in-suit.

25. On information and belief the Plaintiffs learned that as early as December 20, 2021 that the Defendant began selling an illegal product that embodied the Plaintiffs' patent.

26. The Defendant currently has the illegal products on its website.

27. The Defendant has sold and continue to sell on their websites illegal copies of the Plaintiffs' patents on its website.

28. 35 U.S.C. § 271 states in part,

"(a) Except as otherwise provided in this title [35 USCS §§ 1 et seq.], whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent. (b) Whoever actively induces infringement of a patent shall be liable as an infringer."

29. The Defendant's actions has violated 35 U.S.C. § 271 and 15 U.S.C. § 1125.

30. The Defendant, intentionally, willfully, and wantonly violated 35 U.S.C. § 271 and 15 U.S.C. § 1125.

31. The Defendant without authority placed in the stream of commerce and offered to sell, the Plaintiffs' patented inventions, within the United States.

32. The Defendant without a licensed from the Plaintiffs placed in the stream of commerce and offered to sell, the Plaintiffs' patented inventions, within the United States.

33. The Defendant has induced individuals and companies to infringe on the Plaintiffs' patented products.

34. A person with an internet connection may find the Defendant' illegal product on the website www.dpciwholesale.com.

35. Defendant exposes for sale, offers to sell, and sells a stun gun ("Accused Devices") at the links below on www.dpciwholesale.com:

a. https://www.dpciwholesale.com/brass-knuckle-full-grip-stun-gun-flashlight-black-11801.html
b. https://www.dpciwholesale.com/brass-knuckle-full-grip-stun-gun-flashlight-matte-grey-11950.html
c. https://www.dpciwholesale.com/three-finger-full-grip-easy-activation-stun-gun-with-flashlight-black-oth518bk.html

d. https://www.dpciwholesale.com/three-finger-full-grip-easy-activation-stun-gun-with-flashlight-pink-oth518pk.html
e. https://www.dpciwholesale.com/high-voltage-stun-gun-with-led-flashlight-pink-10756.html
f. https://www.dpciwholesale.com/middle-finger-two-pronged-single-loop-easy-activation-stun-gun-black-oth528bk.html
g. https://www.dpciwholesale.com/middle-finger-two-pronged-single-loop-easy-activation-stun-gun-pink-oth528pk.html

33. The buyer places the accused device in a shopping cart, purchases the accused device, and receives a receipt of the accused device and shipping tracking emails all from www.dpciwholesale.com, which is owned and operated by the Defendant.

35. The Accused devices available from DPCI through www.dpciwholesale.com violate PSP's patent and trade dress rights, and/or trademark rights at least to the product listed above.

36. PSP's '294 patent covers the Accused devices exposed for sale, offered for sale, and sold through DPCI seller Defendant.

37. The Accused Devices violate PSP's trademark Reg. No. 4,014,352 and trade dress rights in the term its Blast Knuckle™ product by causing confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of PSP's Blast Knuckle™ product.

38. On January 16, 2022 DPCI's website indicated that many of the Accused devices still remained on its website.

39. Defendant' exposing for sale, offering for sale, and selling the infringing Accused devices on DPCI's website violates PSP's intellectual property rights.

40. By warehousing and/or offering for sale Accused devices, resulting in facilitation of third-party purchases of Accused Devices that violate PSP's intellectual property rights.

41. DPCI manages and controls the items that can be exposed for sale, offered for sale, and sold on its website.

42. DPCI manages and controls which sellers can expose for sale, offer for sale, sell, and purchase products on its website.

43. DPCI profits from its website, as induced sellers must pay a fee to sell items. DPCI makes revenue from www.dpciwholesale.com.

44. But for DPCI and the DPCI seller Defendant exposing for sale, offering for sale, and selling the Accused devices, PSP would not have been damaged nor would its intellectual property rights have been infringed.

45. DPCI' s willful and deliberate actions has caused significant harm to PSP.

46. Defendant infringe on PSP's patent rights and trademark rights.

47. DPCI has induced third parties to infringe on PSP's patent rights.

48. DPCI has contributorily infringed on PSP's trademark rights.

49. DPCI has contributorily infringed on PSP's trade dress rights.

50. Defendant placed in the stream of commerce illegal products that are significantly cheaper than PSP' s product.

51. PSP has lost customers and revenue due to the illegal and infringing products being put in to the stream of commerce by Defendant.

**FIRST CLAIM FOR RELIEF**
**PATENT INFRINGEMENT**
**35 U.S.C. § 271**

52. PSP incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

53. Defendant infringed upon the rights of PSP's '294, '246, and '188 patents by exposing for sale, offering to sell, selling, and importing the Accused Devices in the United States.

54. Defendant will continue to infringe the PSP's '294, '246, and '188 patents unless an injunction is granted by this Court.

55. Defendant acts are willful, in disregard of, and with indifference to, the rights of PSP.

56. As a direct and proximate cause of the infringement by Defendant, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285. Additionally, DPCI Seller Defendant are liable to PSP to the extent of their total profits, but not less than $250, pursuant to 35 U.S.C. § 289.

WHEREFORE, Plaintiff prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**PATENT INFRINGEMENT BY INDUCEMENT**
**35 U.S.C. § 271(b)**

57. PSP incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

58. DPCI has infringed upon the rights of PSP's patent by inducing individuals and companies to infringe upon the rights of PSP's '294, '246, and '188 patents.

59. DPCI, with knowledge of PSP's patent rights, has continued to allow the Accused Devices to be exposed for sale, offered for sale, and sold on its website at www.dpciwholesale.com with knowledge that the Accused Devises infringe the PSP's '294, ‘246, and ‘188 patents.

60. DPCI will continue to induce infringement of the PSP's '294, ‘246, and ‘188 patents through its website at www.dpciwholesale.com unless enjoined by this Court.

61. DPCI's acts are willful, in disregard of, and with indifference to, the rights of PSP.

62. As a direct and proximate cause of the infringement by DPCI, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285. Additionally, DPCI is liable to PSP to the extent of its total profit, but not less than $250, pursuant to 35 U.S.C. § 289.

**THIRD CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1125(a)(1)**

63. PSP restates and re-alleges each of the allegations set forth above as though fully set forth herein.

64. Defendant has infringed PSP's trademark rights in its BLAST KNUCKLES™ mark by using the term and the confusingly similar names to sell the same product.

65. On information and belief, Defendant has used the names BLAST KNUCKLES, despite the knowledge that the Accused Devices are likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of PSP's BLAST KNUCKLES™ product.

66. The acts of Defendant are willful, in disregard of, and with indifference to the rights of PSP.

67. As a direct and proximate cause of the infringement by Defendant, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. §1117.

## FOURTH CLAIM FOR RELIEF
## CONTRIBUTORY TRADEMARK INFRINGEMENT

68. PSP restates and re-alleges each of the allegations set forth above as though fully set forth herein.

69. DPCI Seller Defendant has engaged in contributory infringement of PSP's trademark rights in its BLAST KNUCKLES™ mark by inducing individuals and companies to infringe upon the rights of PSP's trademark.

70. DPCI Seller Defendant has allowed the Accused Devices to be offered and sold on its website, despite knowledge that the Accused Devices being offered and sold on its website are likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of PSP's BLAST KNUCKLES ™ product.

71. DPCI Seller Defendant acts are willful, in disregard of, and with indifference to the rights of PSP.

72. As a direct and proximate cause of the infringement by DPCI Seller Defendant, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

**FIFTH CLAIM FOR RELIEF**
**TRADE DRESS INFRINGEMENT**
**15 U.S.C. §1125(a)(l)**

73. PSP restates and re-alleges each of the allegations set forth above as though fully set forth herein.

74. DPCI Seller Defendant has engaged in infringement of PSP's trade dress rights in its BLAST KNUCKLES™ product by placing into commerce the Accused Devices.

75. DPCI Seller Defendant has offered and sold the Accused Device, despite knowledge that the Accused Devices being offered and sold are likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of PSP's BLAST KNUCKLES™ product.

76. DPCI Seller Defendant's acts are willful, in disregard of, and with indifference to the rights of PSP.

77. As a direct and proximate cause of the infringement by DPCI Seller Defendant, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

**SIXTH CLAIM FOR RELIEF**
**CONTRIBUTORY TRADE DRESS INFRINGEMENT**
**15 U.S.C. §1125(a)(l)**

78. PSP restates and re-alleges each of the allegations set forth above as though fully set forth herein.

79. DPCI has engaged in contributory infringement of PSP's trade dress rights in its BLAST KNUCKLES™ product by inducing individuals and companies to infringe upon the trade dress rights in PSP's product.

80. DPCI has allowed the Accused Device to be offered and sold on its website, despite knowledge that the Accused Device being offered and sold on its website is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of PSP's BLAST KNUCKLES™ product.

81. DPCI's acts are willful, in disregard of, and with indifference to the rights of PSP.

82. As a direct and proximate cause of infringement by DPCI, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

## SEVENTH CLAIM FOR RELIEF
## UNFAIR TRADE PRACTICES

83. PSP restates and re-alleges each of the allegations set forth above as though fully set forth herein.

84. The above described acts and omissions, including but not limited to, Defendant' continued infringement of PSP's design patent, and their infringement of PSP's trademark and/or trade dress rights, constitute unfair competition under section Arkansas's Deceptive Trade Practices Act at A.C.A. § 4-88-107

85. By reason of these wrongful acts and omissions by Defendant, PSP has suffered and will suffer damage. Additionally, these wrongful acts and omissions by Defendant has caused, and unless restrained and enjoined by this Court will continue to cause, serious irreparable injury and damage to PSP.

Therefore, the Plaintiffs demand:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendant, as follows:

A. Judgment against the Defendant declaring that the Defendant's actions directly infringe on the Plaintiffs' patents Nos. US D561, 294 S, US D576,246 S and US D680,188 S.

B. Judgment against the Defendant declaring that the Defendant's actions directly violate PSP's trademark Reg. No. 4,014,352 and trade dress rights in the term its Blast Knuckle™.

C. Plaintiffs' reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial;

D. Plaintiffs' lost profits with respect to each patent infringement in amounts to be proven at trial;

E. The Defendant's profits from the illegal product.

F. Enhanced damages that may be proper under 35 U.S.C. § 284 with respect to each patent infringement for the Defendant's willful infringement;

G. A declaration that the Plaintiffs' case against the Defendant is an exceptional case pursuant to 35 U.S.C. § 285 and therefore subject to attorneys' fees;

H. An award of costs and attorneys' fee to the Plaintiffs; and,

I. Such other relief as the Court deems just and reasonable.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all claims averred herein that are triable by jury.

Dated: January 16, 2022.

STEWART LAW FIRM

By: Chris H. Stewart
Ark. Bar No. 03-222
Attorney for Plaintiff
204 Executive Court, Ste. 301
Little Rock, AR 72205
Phone: 501-353-1364
Fax: 501-353-1263
Email: arklaw@comcast.net